UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:11 CV 257 |
| | ) |
| SUPERINTENDENT, Westville Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

### OPINION and ORDER

Petitioner David Frohwerk, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 31, 1996, Frohwerk pled guilty in St. Joseph County to robbery in Cause No. 71D04-9512-CF-576 (hereinafter Cause 576), and was sentenced, on June 25, 1996, to eight years, suspended, and three years of probation (DE # 12-5 at 4).

On August 29, 2005, the State of Indiana moved to revoke Frohwerk's probation in Cause 576 (DE # 15-5 at 4) because new criminal charges had been filed against him. On April 12, 2006, the trial court found that Frohwerk had admitted to violating probation and ordered him "to be continued on probation per plea in Cause No. 05FD693" (DE #12-5 at 5).

On January 16, 2007, the State filed charges of possession of cocaine against Frohwerk in Cause No. 71D02-0701-67 (hereafter, "Cause 67") (DE # 15-3 at 2). The State then moved to revoke Frohwerk's probation in Cause 576 as a result of the possession of cocaine charges. On March 27, 2009, the trial court found that Frohwerk

had violated his probation in Cause 576, and sentenced him to the Indiana Department of Correction for four years (DE # 12-5 at 6).

Frohwerk appealed from this determination and the Indiana Court of Appeals consolidated that appeal with his appeals in two other causes (DE # 12-10 at 3). The Indiana Court of Appeals affirmed Frohwerk's conviction on November 10, 2009 (DE # 12-15). Frohwerk sought rehearing, which was denied on January 26, 2010 (DE # 12-10 at 4). He did not, however, seek transfer to the Indiana Supreme Court.

On February 8, 2010, Frohwerk filed a petition for post-conviction relief in Cause 576 (DE # 12-5 at 6). A public defender appeared for Frohwerk and filed a Notice of Present Inability to Investigate, and the trial court stayed the post-conviction proceedings (DE # 15-2 at 3).

Frohwerk states in his petition for writ of habeas corpus that all four of the issues he seeks to present to this court were presented to the trial court in his petition for post-conviction relief (DE #1 at 5-8). In his response to this court's order to show cause, the Respondent argues that because Frohwerk has not completed his state post-conviction proceedings and subsequent appellate review, he has not exhausted his state court remedies on these claims as required by 28 U.S.C. 2254(b)(1)(A).

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

To fully exhaust state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel* 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844. It is the petitioner's burden to prove exhaustion. *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971).

The state court record establishes that Frohwerk's petition for post-conviction relief was stayed at his counsel's request (DE # 15-2 at 3) and is still pending before the trial court. Because Frohwerk has not presented his post-conviction relief claims in one complete round of state review, he has not yet exhausted his state remedies on those claims, *Boerckel*, 526 U.S. at 845, though he still has the opportunity to exhaust these claims.

Generally, a petition for a writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any of the petitioner's federal claims. *See Rose,* 455 U.S. 509, 510 (1982). But under *Rhines v. Weber*, 544 U.S. 269 (2005), district courts have the discretion to stay rather than dismiss the habeas petition of a petitioner who has potentially meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir.

2006). A district court should consider whether a stay is appropriate even in the absence of a request from the petitioner. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss the mixed petition.

*Rhines*, 544 U.S. at 278.

The record before the court does not suggest that the Petitioner has engaged in intentionally dilatory litigation tactics, and the court cannot say that he has not shown good cause for his failure to exhaust these claims because he has already filed a petition for post-conviction relief raising them. Nor can the court conclude, based on the record before it, that the claims presented in Frohwerk's petition for post-conviction relief are clearly not meritorious.

If the Petitioner has time under the applicable statute of limitations to refile his petition for writ of habeas corpus after exhausting his unexhausted claim, then dismissal without prejudice rather than a stay of his habeas petition is appropriate. Accordingly, the court must consider whether the statute of limitations could preclude the Petitioner from refiling his petition after completing exhaustion.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year from the latest occurring of four events: (1) the date on which the judgment became

4

final by the conclusion of direct review; (2) the date on which an unconstitutional impediment to appeal, created by the state, has been removed; (3) the date on which the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

A conviction is normally final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time has expired for a petition for writ of *certiorari*. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). But when a habeas petitioner fails to seek review in the state supreme court, his conviction becomes final when the time for seeking review in the state court expires, not 90 days later. *See, e.g., Riddle v. Kemna*, 523 F.3d 850, 853-55 (8th Cir. 2008); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).

The Indiana Court of Appeals affirmed the trial court's revocation of Frohwerk's probation and his resentencing in Cause 576 on November 10, 2009 (DE # 15-15), and denied rehearing on January 26, 2010 (DE # 15-10 at 4). Because Frohwerk did not seek transfer to the Indiana Supreme Court, his conviction and sentence became final when the time for seeking review in the Indiana Supreme Court expired on February 25, 2010. His AEDPA statute of limitations began running on that date and absent any period of

5

tolling, any federal petition for writ of habeas corpus was due on or before February 25, 2011.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Frohwerk's petition for post-conviction relief, filed on February 8, 2010 (DE #12-5 at 6), tolled the AEDPA statute of limitations even before it began to run, and the deadline for filing a federal petition will remain tolled while post-conviction petition or an appeal from that proceeding is pending. Accordingly, Frohwerk should have no difficulty returning to federal court with a new petition for writ of habeas corpus once the state proceedings have concluded, and a stay is not necessary. For these reasons, the court will dismiss this petition for writ of habeas corpus without prejudice to Frohwerk's right to file a new petition after the conclusion of his state proceedings.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Frohwerk a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether

the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the court concludes that Frohwerk's petition must be dismissed without prejudice because he has not exhausted his state court remedies.  Frohwerk has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the court declines to issue Frohwerk a certificate of appealability.

For the reasons set forth above, the court **DISMISSES** the petition for writ of habeas corpus (DE # 1) without prejudice, **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability.

                                              **SO ORDERED.**

Date: April 10, 2012

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT